# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Bernadine E. Fitzgerald |
| **Case Number:** | 04-18472 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [20-1] Motion To Avoid Lien with Vanderbilt Mortgage & Finance by Bernadine E. Fitzgerald . |
| **Received on:** | 2005-04-04 10:59:28.000 |
| **Date Filed:** | 2005-04-04 00:00:00.000 |
| **Date Entered On Docket:** | 2005-04-04 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO**

In re:   BERNADINE E. FITZGERALD,                          No. 7-04-18472 MF

   Debtor.

## ORDER DENYING PETITIONER'S MOTION TO AVOID JUDGMENT LIEN OF VANDERBILT MORTGAGE & FINANCE INC.

THIS MATTER is before the Court on the Petitioner's Motion to Avoid Judgment Lien of Vanderbilt Mortgage & Finance Inc. ("Motion to Avoid Lien") filed by the Debtor, *pro se*. The Motion to Avoid Lien asserts that the lien of Vanderbilt Morgage & Finance, Inc. ("Vanderbilt") against the Debtor's manufactured home should be avoided because the Debtor has claimed the manufactured home as an exemption in her bankruptcy statements and schedules. The Court has reviewed the Motion to Avoid Lien and the Debtor's Statements and Schedules, and finds that the Motion to Avoid Lien must be denied for the following reasons:

   1.  A motion to avoid lien is a contested matter governed by Rule 9014, Fed.R.Bankr.P. Debtor failed to serve the Motion to Avoid Lien on Vanderbilt Mortgage & Finance, Inc. as required by Rule 9014, Fed.R.Bankr.P.

   2.  Pursuant to 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien against an interest of the debtor in property to the extent the lien impairs an exemption the debtor is otherwise entitled to. This section may not be used to avoid a consensual lien, such as a mortgage against the debtor's property, even if the mortgage is reduced by the creditor to judgment through state court foreclosure proceedings. *In re Nichols,* 265 B.R. 831, 835 (B.A.P. 10th Cir. 2001) (noting that "[i]t is the origin of the creditor's interest rather than the means of enforcement that determines the nature of

the lien," and determining that a creditor's actions to enforce its lien through judicial process do not transform the lien into a judicial lien subject to avoidance under § 522(f)) (quoting *In re Sanders*, 61 B.R. 381, 383 (Bankr.D.Kan.1986)). The Debtor's Statements and Schedules indicate that the source of the debt to Vanderbilt is a promissory note and mortgage on the Debtor's property. *See* Debtor's Schedule D - Creditors Holding Secured Claims, listing Vanderbilt with a disputed claim in the amount of $43,051.00, and listing the unsecured portion of the claim as the full amount of the claim. In a prior bankruptcy filed by the Debtor's spouse, L.R. Fitzgerald, Vanderbilt is listed as a secured creditor on the Debtor's Schedule D, with no unsecured portion listed.

     3. Security interests pass through a debtor's bankruptcy while a debtor's personal liability for any deficiency remaining after a secured creditor realizes its security interest is discharged. *See* 11 U.S.C. § 727(b).

     4. The Debtor's request for relief seeks sanctions against Vanderbilt "'for starting and maintaining' an action against L. R. Fitzgerald for deficiency amounts in violation of 11 U.S.C. 524(a)(2)." A motion to enforce the discharge injunction as to L.R. Fitzgerald must be brought in his bankruptcy proceeding.

     WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Avoid Lien is DENIED. Debtor is not personally liable for any deficiency that may remain in the event Vanderbilt forecloses on its security interest in the Debtor's real property.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Bernadine E. Fitzgerald
PO Box 433
Waterflow, NM 87421

Robert Finch
Chapter 7 Trustee
555 East Main Street
Farmington, NM 87401

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Vanderbilt Mortgage
Attn: Managing Agent
PO Box 9800
Maryville, TN 37802

Michael J. Craddock
3100 Monticello Avenue
Suite 550
Dallas, TX 75205-3442

*Patti G. Hennessy* (signature)

Patti G. Hennessy
Law Clerk
(505) 348-2545