# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

### PACER Cover Sheet
### for Electronically Filed Documents

Any data shown here are current as of  06/10/06      . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**     Bernadine E. Fitzgerald

**Case Number:**     04-18472

| Document Information |
|:---:|

**Description:**     Order Denying [26-1] Motion For Determination of Secured Status of Lien by L.R. Fitzgerald, Bernadine E. Fitzgerald .

Received on:     2006-03-17 15:29:16.000

**Date Filed:**     2006-03-17 00:00:00.000

**Date Entered On Docket:**     2006-03-20 00:00:00.000

| Filer Information |
|:---:|

**Submitted By:**     Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   BERNADINE E. FITZGERALD,                    No. 7-04-18472 MF

Debtor.

## ORDER DENYING DEBTOR'S MOTION TO DECLARE THE LIEN OF VANDERBILT MORTGAGE & FINANCE INC. VOID

THIS MATTER is before the Court on the Joint Motion for Determination of Secured Status of Lien ("Motion"), filed by Debtor, and her non-filing spouse, *pro se*. The Motion seeks a determination that the lien of Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt") against the Debtor's manufactured home is void, and that the claim of Vanderbilt is unsecured and therefore discharged as part of Debtor's bankruptcy proceeding because the Debtor claimed an exemption in her home and Vanderbilt failed to object to the Debtor's claimed exemption.   The Court held a hearing on the Motion on March 13, 2006.   Upon review of the Motion and the documents filed in the Debtor's bankruptcy proceeding, the Court finds that Vanderbilt's lien is valid yet subject to the Debtor's claimed exemption. The Motion will, therefore, be denied.   In reaching this determination the Court FINDS:

1.  L. R. Fitzgerald, the Debtor's non-filing spouse, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 7, 2000, as Case No. 7-00-16005 MF.  Vanderbilt was listed as a secured creditor on Schedule D - Creditors Holding Secured Claims.   L.R. Fitzgerald received a discharge on March 13, 2001 and the case was closed.

2.  Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 19, 2004.

3.  Debtor's Schedule A - Real Property lists a 1999 Clayton Double Wide located at #35

1

Road 6940 ("Residence"), valued at $50,000.00 with no secured claim against it.

4. Debtor claimed an exemption in her Residence in the amount of $30,000.00, pursuant to N.M.S.A. 1978 § 42-10-9. *See* Schedule C - Property Claimed as Exempt.

5. Vanderbilt is listed on the Debtor's Schedule D - Creditors Holding Secured Claims, with a disputed, secured, claim in the amount of $43, 051.00 against the Residence.

6. Vanderbilt did not file an objection to the Debtor's claim of exemption in her Residence.

7. Debtor asserts that because Vanderbilt failed to object to her claimed exemption in her Residence, the Residence is exempt, and, therefore, free from any alleged lien claimed by Vanderbilt, citing *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Debtor's reliance on *Taylor* is misplaced. *Taylor* concerned a debtor's claim of exemption in proceeds from a pending employment discrimination lawsuit in which the chapter 7 trustee failed to timely object. *Id.* The Supreme Court held that the trustee's failure to file a timely objection to the debtor's claimed exemption under Rule 4003(b) precluded him from contesting its validity, despite the fact that it was not disputed that the debtor claimed a greater exemption than either the federal or state exemption statutes provided. *Id.* at 642. Here, no party objected to the Debtor's claim of exemption in her Residence, and the Debtor holds an exemption in her Residence in the amount of $30,000.00, as claimed in her Schedule C. However, Vanderbilt's failure to object to the Debtor's claimed exemption does not invalidate Vanderbilt's consensual lien against the Residence and somehow transmute a secured claim into an unsecured claim. The Residence remains subject to Vanderbilt's lien, and the Debtor is entitled to an exemption of up to $30,000.00 in any equity in the Residence above the amount of Vanderbilt's secured claim.

8.  The discharge entered in L. R. Fitzgerald's previous bankruptcy proceeding and the discharge entered in the Debtor's bankruptcy proceeding extinguished only their personal liability; the creditor's right to proceed *in rem* against the property and foreclose on its lien passes through bankruptcy.  *See* 11 U.S.C. § 727(b); 11 U.S.C. § 524(a)(1); *Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991) ("Codifying the rule of *Long v. Bullard,* 117 U.S. 617, 6. S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.") (citations omitted).

9.  Debtor also appears to argue that because Vanderbilt's lien is against a manufactured home, which the Debtor asserts is personal property, rather than real property, the Debtor is entitled to avoid the lien.  This position is contrary to applicable law.   In *In re Clark,* 217 B.R. 177 (Bankr.E.D.Va. 1998), the debtors attempted to avoid a consensual lien against their mobile home as impairing the debtors' exemption rights.  The bankruptcy court found that the debtors' mobile home was a house which cannot, by definition, constitute "household goods" under § 522(f)(2)(A), such that § 522(f) could not "be used to avoid a deed of trust or other consensual security in real estate."  *Clark,* 217 B.R. at 180.   Similarly, in *In re Coonse,* 108 B.R. 661, 662 (Bankr.S.D.Ill. 1989), the Court held that a lien against the debtor's mobile home could not be avoided as a lien against a household good under 11 U.S.C. § 522(f)(2).   The court in *Coonse* reasoned further that a debtor cannot categorize property as one type of property for exemption purposes, and another for lien avoidance purposes, so that a debtor may not claim a homestead exemption in property, which would presume characterization of the property as real property, and then attempt to avoid a lien against the same property by asserting that the property is in the nature of a household good.  *Id.* at 662-663.   Finally, as noted in *In re*

Case 04-18472-m7    Doc 35    Filed 03/17/06    Entered 03/20/06 08:35:00 Page 4 of 5

*Trobaugh,* 330 B.R. 559, 560 (Bankr.W.D.Ky. 2005), "[t]here is no provision in 11 U.S.C. § 522(f) that allows a debtor to avoid a consensual lien," so that the debtors were not allowed to avoid the consensual lien granted by the debtors to the creditor on the debtors' mobile home. Moreover, the Court has already ruled in this case that the lien of Vanderbilt cannot be avoided as a "judicial lien." *See* Order Denying Petitioner's Motion to Avoid Judgment Lien of Vanderbilt Mortgage & Finance, Inc. (Docket # 25).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Bernadine Fitzgerald
Debtor
PO Box 433
Waterflow, NM 87421

L. R. Fitzgerald
Non-filing Spouse
PO Box 433
Waterflow, NM 87421

Robert Finch
Chapter 7 Trustee
555 East Main Street
Farmington, NM 87401

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Michael Craddock
Attorney for Vanderbilt Mortgage
3100 Monticello Avenue, Suite 550
Dallas, TX 87205

Vanderbilt Mortgage
ATTN: Managing Agent
PO Box 9800
Maryville, TN 37802

_____
Patti G. Hennessy
Law Clerk  (505) 348-2545

4