UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: BERNADINE FITZGERALD,                                    No. 7-04-18472 MF

Debtor.

### ORDER ON MOTION FOR AN ORDER TO SHOW CAUSE AGAINST CAPITAL ONE AUTO FINANCE AND COUNSEL JOHN T. FITZPATRICK AND THOMAS M. COREA ATTORNEYS FOR CAPITAL ONE

THIS MATTER is before the Court on the Motion for an Order to Show Cause Against Capital One Auto Finance and Counsel John T. Fitzpatrick and Thomas M. Corea Attorneys for Capital One ("Motion"[1]) filed by the Debtor, Bernadine Fitzgerald, *pro se*. The Court held a final hearing on the Motion on June 5, 2006 and took the matter under advisement. The Motion alleges that actions taken by attorneys John T. Fitzpatrick and Thomas M. Corea on behalf of Capital One Auto Finance ("Capitol One") violated the automatic stay imposed by 11 U.S.C. § 362, and requests damages pursuant to 11 U.S.C. § 362(h) against Capitol One and its attorneys, jointly and severally, for willful violation of the automatic stay.

Based on the evidence before the Court and the record of this bankruptcy proceeding, the Court finds that while there may have been a violation of the automatic stay, Debtor has failed to prove the amount of any actual damages suffered as a result of the stay violation, and that, under the circumstances, punitive damages are not warranted. Accordingly, the Court will deny the Motion.

The evidence and the record of the Debtor's bankruptcy proceeding establish the

---

[1] Debtor filed Corrections to Motion for an Order to Show Cause Against Capitol One Auto Finance and Counsel John T. Fitzpatrick and Thomas M. Corea Attorneys for Capitol One on March 22, 2005. (*See* Docket #24). The Court will consider the Motion as corrected.

1

following facts:

1. Debtor filed a voluntary petition under Chapter 7 of the bankruptcy code on November 19, 2004.

2. Lynn R. Fitzgerald is the Debtor's non-filing spouse.

3. A Ford F-150 ("Vehicle") is listed on Debtor's Schedule B as property of her husband.

4. "Capitol 1 Finance" is listed on Debtor's Schedule D as a secured creditor with a security interest in the Vehicle. The debt is identified on Schedule D as the debt of the Debtor's husband.

5. Debtor received her discharge on March 14, 2005.

6. Capitol One filed a complaint against Lynn R. Fitzgerald in the District Court of the Navajo Nation, Judicial District of Shiprock, New Mexico on or about October 12, 2004 ("Tribal Court Complaint").

7. Lynn R. Fitzgerald filed an answer to the Tribal Court Complaint on November 29, 2004 stating that his spouse, Bernadine Fitzgerald, had filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on November 19, 2004, and alleging that the automatic stay barred Capital One from any further collection efforts.

8. The Tribal Court Complaint was dismissed on January 4, 2005 for lack of jurisdiction over Lynn R. Fitzgerald.

9. On March 3, 2005, Capital One filed a Complaint for Enforcement of Contract against Lynn R. Fitzgerald in the Eleventh Judicial District Court, County of San Juan, State of New Mexico ("State Court Complaint"). Bernadine Fitzgerald was not named as a defendant in the

State Court Complaint. The State Court Complaint seeks to replevy the vehicle, foreclose Capital One's security interest in the vehicle, and obtain a judgment against Lynn R. Fitzgerald for the balance due on the installment contract for the purchase of the vehicle.

10. Lynn R. Fitzgerald responded to the State Court Complaint, again stating that his spouse, Bernadine Fitzgerald, filed a chapter 7 bankruptcy proceeding and asserting that the automatic stay should stop any further action until the Bankruptcy Court heard the pending Motion.

DISCUSSION

The automatic stay imposed by 11 U.S.C. § 362 operates to stay the commencement or continuation of any action against the debtor and stays "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(1) and (3). Property of the estate includes:

> all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is --
>
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtors' spouse to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2).

It is possible that Bernadine Fitzgerald has a community property interest in the Vehicle, which would have been property of her bankruptcy estate.[2] If so, any attempt to repossess the vehicle

---

[2] "[A] petition by one spouse passes all community property into property of the [bankruptcy] estate." *Swink v. Sunwest Bank (In re Fingado),* 113 B.R. 37, 39 (Bankr.D.N.M. 1990), *aff'd* 995 F.2d 175 (10th Cir. 1993) (citations omitted). Under New Mexico law, there is a statutory presumption that all property acquired during the marriage is community property. N.M.S.A. § 1978 § 40-3-12(A) (Repl. Pamp. 1999) ("Property acquired during marriage by either husband or wife, or both, is presumed to be community property."). *See also,* N.M.S.A. 1978 § 40-3-8(B) (Repl. Pamp. 1999) ("Except as provided in subsection C of this section, "community property" means property acquired by either or both spouses during marriage which is not separate property."); *Stroshine v. Stroshine,* 98 N.M. 742, 743, 652 P.2d 1193, 1194 (1982) ("[P]roperty acquired by either or both spouses during their marriage is presumptively community property.")(citations omitted); *Fingado,* 113 B.R. at 40 ("In New Mexico, there is a

3

while the automatic stay was in effect would constitute a violation of the automatic stay. *See* 11 U.S.C. § 362(a)(3).

If a creditor has willfully violated the automatic stay, a debtor may recover damages pursuant to 11 U.S.C. § 362(h). That section provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> 11 U.S.C. § 362(h).

"Willful" under 11 U.S.C. § 362(h)

> does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.
>
> *Diviney v. Nationsbank of Texas, N.A. (In re Diviney),* 225 B.R. 762, 774 (10th Cir. B.A.P. 1998) (quoting *INSLAW, Inc. v. United States (In re INSLAW, Inc.),* 83 B.R. 89, 165 (Bankr.D.D.C. 1988 and adopting such standard)).

Here, at least as of the date of the filing of the State Court Action, Capital One knew of the Debtor's bankruptcy proceeding, and nevertheless intentionally filed the State Court Action in an attempt to repossess the Vehicle. It is incumbent upon creditors to proceed cautiously when there is a possibility that the automatic stay is implicated, and the most prudent action is to obtain relief from the automatic stay before proceeding. *Cf. In re Clayton,* 235 B.R. 801, 808 (Bankr.M.D.N.C. 1998) ("It is . . . incumbent upon the creditor to verify the status of a case prior

---

clearly stated presumption of community property."). There is no evidence before the Court to suggest that Bernadine Fitzgerald did not have joint management and control over the Vehicle. Thus, to the extent she held a community property interest in the Vehicle under New Mexico law, such interest was property of her bankruptcy estate.

4

to commencing an action in violation of the automatic stay when facts indicate that the existence of a case may be likely.") (citing *Constantino v. Flanders Hill Dev. (In re Constantino),* 80 B.R. 865, 868 (Bankr.N.D.Ohio).  As noted by the Bankruptcy Court for the District of Colorado,

> A creditor and its agents act at their own peril when they usurp the bankruptcy court's role in determining the scope of the automatic stay, without binding authority that is clearly applicable to the facts at hand.  Filing a stay relief motion is an inexpensive form of insurance against a stay violation award.
>
> *In re Gagliardi,* 290 B.R. 808, 818 (Bankr.D.Colo. 2003).

Based on the evidence, the Court finds that the actions of Capital One constituted a willful violation of the automatic stay.

Once a willful violation of the automatic stay has been established under 11 U.S.C. § 362(h), compensatory damages are mandatory. *In re Clayton,* 235 B.R. 801, 810 (Bankr.M.D.N.C. 1998) ("The award of actual damages is mandatory upon a finding of a willful violation of § 362)(citations omitted).  Nevertheless, the debtor has the burden of proving actual damages.  *Id.* ("The burden is on the debtor to demonstrate the extent of any damages.") (citations omitted); *Gagliardi,* 290 B.R. at 819 ("The Debtors bear the burden of proving actual damages with reasonable certainty.") (citations omitted).   If no damages are proved, the Court cannot award damages. *Clayton,* 235 B.R. at 810 ("'the court cannot award damages, costs or fines where none have been proven, even if both Rule 9011 and 11 U.S.C. § 362 have been violated.'") (quoting *Official Unsecured Creditors' Comm. of Gen. Homes Corp. v. American Sav. and Loan Ass'n of Fla. (In re Gen. Homes Corp. and FGMC, Inc., )*, 181 B.R. 870 (Bankr.S.D.Tex. 1994) (quoting *In re Alberto,* 119 B.R. 985 (Bankr.N.D.Ill. 1990)). *See also, In re Nelson,* 335 B.R. 740, 753 (Bankr.D.Kan. 2004) (no award of actual damages assessed for willful violation of stay where none were proved).

5

Debtor failed to submit evidence to the Court of her actual damages suffered as a result of the stay violation. At the final hearing on the Motion, Debtor stated that her damages consisted of lost wages for two days in court in connection with the Tribal Court Complaint, two days in court in connection with the State Court Complaint, and two days in the Bankruptcy Court, plus filing fees, mailing costs and copy costs for both courts. However, none of these claimed amounts were quantified. In addition, as pointed out by counsel for Capital One, Debtor was not a party to either the Tribal Court Complaint or the State Court Complaint, so that any damages for lost wages due to her participation in those actions would not be appropriate.

Whether punitive damages should be awarded for a willful violation of the automatic stay lies within the discretion of the Court. *Clayton,* 235 B.R. at 811. Punitive damages should be awarded only when "the creditor has demonstrated egregious, vindictive, or intentional misconduct." *Id.* (citations omitted). Factors to consider in making this determination include "(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of the defendant; and (4) provocation by the debtor." *Nelson,* 335 B.R. at 754 (citing *Diviney,* 225 B.R. at 777). "[P]unitive damages usually require more than mere willful violation of the automatic stay." *In re Heghmann,* 316 B.R. 395, 405 (1st Cir. BAP 2004).

The circumstances surrounding the violation of the automatic stay do not rise to the level of egregious, intentional, behavior sufficient to support an award of punitive damages. Both the Tribal Court Complaint and the State Court Complaint were filed against Lynn R. Fitzgerald, and not against the Debtor. And despite the repeated claims of Lynn R. Fitzgerald that the actions filed by Capital One implicated the automatic stay, the Debtor listed the vehicle in several places in her statements and schedules as the separate property of her husband. The,

6

Court, therefore, cannot find that the actions Capital One took against Lynn R. Fitzgerald are so egregious as to warrant the imposition of punitive damages for violation of the automatic stay in the Debtor's bankruptcy proceeding.

      WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

]

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Bernadine E. Fitzgerald
PO Box 433
Waterflow, NM 87421

John T. Fitzpatrick
Attorney for Capitol One
PO Box 3613
Albuquerque, NM 87190

Thomas M. Corea
Attorney for Capitol One
325 N. St. Paul Street, Suit 4150
Dallas, TX 75201